Curia, per Frost, J.
Benjamin Phillips claims the land in dispute, in right of his wife Charlotte Ingram, to whom her brother, John A. Ingram conveyed it, without any valuable consideration. In March, 1844, John A. Ingram had bid off the land, at a sale by the sheriff, under an execution of John E. Ingram against old John Ingram, for five dollars, and received a title deed from the sheriff to himself. Old John Ingram paid the bid. The plaintiff, alleging that the sale was fraudulent, in 1846 directed a levy on the land, under an execution which one Arants had recovered against old John Ingram soon after the first sale, for a subsequent debt; and at this second sale became the purchaser. This is the plaintiff’s title; which he undertook to maintain by proof that the first sale, under which the defendant claims, was fraudulent and void. It was shown that, at the time of the first sale, a number of unsatisfied executions were in the sheriff’s office against old John Ingram; of which that of John E. Ingram was the oldest; and debts, enough to render him totally insolvent, were then due by old John Ingram and were soon after carried into judgment. Two juries have found, that the first sale was made by collusion between old John Ingram and his son, John A. Ingram, and John E. Ingram, the senior execution creditor, to defraud the creditors of old John Ingram; and that by the deceitful and false pre-tences of these parties, practised at the sale, John A. Ingram succeeded in purchasing the land, then worth eight hundred dollars, for five dollars. The conveyance by John A. Ingram, soon after the sale, to his sister Charlotte, is also found, by the last verdict, to have been a part of the scheme.
Under these circumstances the defendants "claim protection under John A. Ingram, as voluntary donees of the land from his father; and contend that the plaintiff, having purchased under the execution of Arants, which was recovered after the first sale, on a debt subsequently contracted, cannot impeach the gift; and that the plaintiff cannot occupy the position of any prior creditor to sot it aside.
*206 The law certainly is, that one who is not indebted may j 4 j (give away his property, and that the gift shall be valid against the donor and all other persons. But if the donor be indebted q,ey0nci his means of payment, the gift is a fraud against his creditors and void as to them. In such case, even if no dishonest intention can be imputed to the donor, the gift will be set aside in favor of creditors. If it be void against prior creditors, it is void as to all creditors ; for by the fraud against some) the gift is void as to all. When a person is indebted, having made a voluntary deed, the property shall still becon-sidered a part of his estate. If a deed is fraudulent as to creditors, the subject is thrown into assets, and all 'subsequent creditors are allowed to participate in the distri&bution. In McElwee v. Sutton, the plaintiff claimed, as purchaser, at a sale by the sheriff Under an execution for a debt contracted subsequently to the gift, and it was held that if the debts, antecedent to the gift, are discharged by contracting new ones; or they shall remain until, out of the wreck of the donor’s estate, they are paid off, on account of their priority, and the donor was, in fact, never free of debt, from the date of the gift, it is void as to subsequent, as well as antecedent creditors. In Howard v. Williams, it is said the question, in every case, is whether the act done is a bona fide transaction, or a trick and contrivance to defeat creditors.
The defendant’s title was acquired by collusion and craft, employed for the avowed purpose of defeating the recovery of a debt from old John Ingram, which yet remains unpaid and in judgment; — the land was to be held for the use of old John Ingram, and he possessed it as long as he lived, which is incontrovertible evidence of fraud. The parties pro-lessed that the arrangement was not designed to defeat the claims of any other creditors than those whose demands arose of Secrest’s official bond. The present action and the unsatisfied executions against old John Ingram refute this pretence. If the defendant can maintain a title and possession, thus acquired, against a creditor of old John Ingram, pursuing his claim to the land, under legal process, into this Court, then it is vain for a creditor to expect redress against fraudulent conveyances of property by his debtor.
If the defendant’s possession of the land in dispute be fraudulent, it is illegal. The law can neither protect nor enforce what is illegal. It cannot sanction dishonest practices, by enabling an individual to acquire, by means of his deception, any right or interest. Even if it be admitted, then, that the plaintiff cannot make title to the land under the execution of the Bank of Camden, because it was satisfied ; nor under the judgment against the sureties to Secrest’s official bond, because the plaintiffs in that record were paid their demands, and there was a stay_of execution, yet Aranl’s execution was *207 rightfully levied on the land ; the title to which was not divested from old John Ingram, by the'fraudulent contrivances which were employed to put it out of the reach of his creditors.
The motion is dismissed.
(See the same case reported 3 Strob. 565.)
Evans, Wardlaw and Withers, JJ., concurred.

Motion refused.